The White Water Railroad Company v. Butler.

No. 12,286.

THE WHITE WATER RAILROAD COMPANY v. BUTLER.

RAILROAD.—*Passenger.*—*Right to be Discharged at Depot.*—*Liability of Carrier for Ejecting at Another Place.*—A passenger has a right to be discharged at the regular depot of the carrier, and if ejected at another place the carrier is liable.

From the Rush Circuit Court.

L. W. *Florea,* G. C. *Florea,* F. J. *Hall,* J. Q. *Thomas* and J. J. *Spann,* for appellant.

G. F. O'*Byrne,* W. H. *Jones,* C. F. *Jones,* J. F. *McKee* and D. W. *McKee,* for appellee.

ELLIOTT, J.—There is evidence in proof of these facts : The appellee bought a ticket entitling her to be carried as a passenger from Brookville to Metamora over the appellant's railroad. She took passage in a train which carried both freight and passengers, and which, under the rules of the company, stopped at Metamora to receive and discharge passengers. At that place there was a depot at which passengers were received and discharged, and at which the trains usually stopped for that purpose. The train which the appellee entered did not stop at the depot, but did stop on a switch or side-track, and remained there long enough to allow another train to pass. The name of the station was not called, nor was any invitation given to passengers to alight. The train drew out from the switch, moved on past the depot, and when it had gone about one-half mile beyond Metamora the appellee was ejected.

These facts entitled the appellee to a recovery. It was the duty of the carrier to stop at the depot where passengers were usually received and discharged. A right to be carried from one regular station to another includes the right to a safe alighting place at the depot of the carrier kept and used for that purpose. A person buying a ticket entitling him to

The White Water Railroad Company v. Butler.

passage to a town or city can not be required to alight at any part of the town or city it may please the carrier to stop, but he is entitled to be carried to the regular depot of the carrier. The carrier's duty is not discharged when an opportunity is offered the passenger to alight alongside of a switch or side-track distant from the usual and regular alighting place.

A text-writer thus states the rule : " The passenger is entitled not only to be properly carried, but he must be carried to the end of the journey for which he has contracted to be carried, and must be put down at the usual place of stopping; and in an old case it was held, that when such usual place was an inn-yard, it was not sufficient to put him down outside of the gateway of the inn." Hutchinson Carriers, section 612. The authorities fully support the author's statement of the law. *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346 (49 Am. R. 168).

It is probably true that a railroad company may make a distinction between trains employed exclusively in transporting passengers and those employed in carrying both freight and passengers, and require passengers on the latter trains to alight at a safe place other than the regular depot; but unless a distinction is made the passenger has a right to be carried to the regular depot. We decide this case, as the evidence fully warrants us in doing, upon the theory that no distinction was made between the two kinds of trains, and, proceeding on this theory, adjudge that it was the appellant's duty to stop at the regular depot a sufficient length of time to allow the appellee to alight in safety.

Judgment affirmed.

Filed Dec. 29, 1887.